\*STATE EX REL. PROS. ATTY. OF HAMILTON CO. v. EUGENE L. LEWIS.

**County Commissioners' Adjudication of Auditor's Claim for Collecting Taxes Dishonestly Omitted is Final.**

An adjudication by county commissioners fixing amount of claim allowed a county auditor for services rendered in placing upon the tax duplicate property dishonestly omitted and collecting taxes thereon, pursuant to Gen. Code 5399, and ordering payment of the amount fixed is final in the absence of fraud or collusion shown.

ERROR to common pleas court.

*Alfred Bettman,* for plaintiff in error.
*Alfred B. Benedict,* for defendant in error.

---

\*Affirmed, no op., **State v. Lewis,** 83 O. S. 495.

**SMITH, J.**

From the record of the above case the court is of the opinion that defendant in error in placing upon the tax duplicate of Hamilton county omitted back taxes due by the Union Central Life Insurance Company for the years 1902, 1903 and 1904, was acting under the authority of the act of May 10, 1902 (95 O. L. 489). If, however, this is not correct and he was acting as claimed by the relator under R. S. 2781a (Gen. Code 5399), then there is no evidence on behalf of the relator in the record tending to show that the returns for said years of the insurance company were honestly made; that is, that they were not made with a dishonest intent.

The court, however, is of the opinion that the ruling of the trial court was correct, for the reason that defendant in error's answer sets up "that he duly presented his claim to the county commissioners of this county, and that the same was duly allowed by them." This being so, it is apparent that this finding can not be impeached, for, if acting under the law as claimed defendant in error placed upon the tax duplicate property that was taxable which had been dishonestly omitted, and the taxes thereafter upon the same had been collected, and the commissioners had drawn their warrant or ordered paid the per centum due thereon, the commissioners must presumably have had a hearing, at which evidence was adduced which justified their conclusion and finding that the work was performed by the auditor and the amount due defendant in error, and their subsequent act in ordering this amount paid. There being a statute for the payment of such a claim as this, it was properly within the jurisdiction of the county commissioners in respect to the financial affairs of the county to pass upon and adjudicate such a claim, the same being the subject of a legal claim against the county. If this is true, in the absence of fraud or collusion, the finding of the commissioners would be final.

A board of county commissioners is an inferior court, and when such a board acquires jurisdiction and audits a claim, unless its judicial action is reversed or set aside, such action is conclusive. Herman, Estoppel Sec. 435.

State v. Lewis.

The case at bar is not one falling with the decision of *Jones v. Lucas Co. (Comrs.)* 57 Ohio St. 189 [48 N. E. Rep. 882; 63 Am. St. Rep. 710], which was followed by this court in the recent case of *Weaver v. State,* 24 Ohio St. 584, in which it was held "that the basis for the recovery therein was the payment to a county officer by the county commissioners of fees in conducting his office for which there was no statutory provision."

It is also urged that all that the auditor was called upon to do was to correct a clerical error, for which under *Amazon Ins. Co. v. Capeller,* 38 Ohio St. 561, he would not be entitled to his fees, but in this respect we can not agree with counsel for relator, as the finding or report of the auditor himself discloses his work in this regard, and the facts he was compelled to ascertain before placing upon the duplicate the omitted taxable property.

The claim of defendant in error therefore being a legal one against the county, and the county commissioners having authority to adjudicate the same, we think this finding is binding upon the court for the reasons above stated, and the judgment of the court below will be affirmed.

**Giffen** and **Swing, JJ.,** concur.